**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

VICTOR CAMARGO JUAREZ,

Plaintiff,

v.

TACO BELL, *et al.*,

Defendants.

Case No. 3:24-CV-00462-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Victor Camargo Juarez's ("Juarez") application to proceed *in forma pauperis* (ECF No. 4), his *pro se* civil rights complaint (ECF No. 1-1), and a motion to exclude claims from arbitration, (ECF No. 5). The Court will address each in turn.

I.    ***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to the LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Juarez cannot pay the filing fee. (*See* ECF No. 4.) Accordingly, the Court recommends that the IFP application be granted.

## II.    SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling

on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.    SCREENING OF COMPLAINT**

In his complaint, Juarez sues his current employers, Taco Bell and Diversified Restaurant Group, LLC (collectively referred to as "Defendants"), for employment discrimination under the Americans with Disabilities Act ("ADA") and for racial and sex discrimination under Title VII of the Civil Rights Act. (ECF No. 1-1.) Juarez seeks monetary damages. (*Id.* at 5.)

Juarez alleges the following: With respect to his Title VII claim, "[t]hroughout [Juarez's] employment with Taco [B]ell as a Crew Member/Cook from July 11, 2023 to

present, [he has been] repeatedly subjected to a pattern of disparate treatment and discrimination solely because of [] sexual harassment and ADA protected disabilities." (*Id.* at 3.) Juarez states he has been subjected to sexual harassment by Shift Lead Manager, Maria, "who put her boob on [Juarez] and pressed it all on [Juarez's] back in a manner while we worked in the kitchen that was harmful and offensive to [him]." (*Id.*) Juarez alleges he reported the sexual harassment to the Store Manager and Assistant Manager on May 5, 2024. (*Id.*) Juarez also states he has been complaining in writing about sexual harassment to the Store Manager since 2023 about a Crew Member "repeatedly touching [Juarez's] waist which was unwelcomed and a pattern." (*Id.*) Juarez alleges the acts of sexual harassment were never corrected by the Store Manager. (*Id.*)

With respect to his ADA claim, Juarez alleges that during his employment he was able to perform the essential functions of his job satisfactorily. (*Id.* at 4.) Juarez has ADA protected disabilities, which he states are diabetes, anxiety, and depression. (*Id.*) Juarez alleges that Defendant Taco Bell was aware of his ADA protected disabilities, but he was denied accommodations and reprimanded for requesting accommodations. (*Id.*)

Based on these allegations, Juarez asserts claims of discrimination based on his race, sex, and disabilities. Each is discussed in turn.

### A.    Defendant Diversified Restaurant Group, LLC

Juarez names as a Defendant Diversified Restaurant Group, LLC located in Las Vegas, Nevada, which appears to be Taco Bell's corporate office. However, Juarez makes no allegations against them in his complaint, accordingly Diversified Restaurant Group, LLC should be dismissed, with leave to amend from this action.

### B.    Discrimination under Title VII

Title VII allows an individual to sue an employer for discrimination on the basis of race, color, religion, gender, or national origin. *See* 42 U.S.C. § 2000e-5. Juarez alleges discrimination on the basis of gender, and national origin. To establish a Title VII discrimination claim, a plaintiff must allege: (1) he is a member of a protected class; (2) he was qualified for his position and performing his job satisfactorily; (3) he experienced

4

an adverse employment action; and (4) similarly situated individuals outside of his protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt.*, Inc., 615 F.3d 1151, 1156 (9th Cir. 2010) (citation omitted); *see also* 42 U.S.C. § 2000e-3(e). An adverse employment action is one that materially affects the compensation, terms, conditions, and privileges of employment. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008).

At this time, Juarez fails to state either a sex or race discrimination claim.  Juarez does not provide the Court with sufficient factual allegations to show that he experienced an adverse employment action that materially affected the compensation, terms, conditions, and privileges of his employment, based on his sex, and/or race. In fact, Juarez does not allege any discrimination based on his race. Accordingly, the Court recommends dismissal of the Title VII discrimination claims, with leave to amend.

### C.    Employment Discrimination Under the ADA

The ADA makes it unlawful for employers to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination includes a failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship" on an employer's business operation. 42 U.S.C. § 12112(b)(5)(A). The ADA defines the term "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). A "qualified individual with a disability" is an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."

1    42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m).

2         An ADA discrimination claim can arise where an employer fails to reasonably

3    accommodate an employee's disability. *McGary v. City of Portland*, 386 F.3d 1259,

4    1265–66 (9th Cir. 2004). To state such a claim, a plaintiff must allege (1) he is disabled;

5    (2) he is qualified; (3) he requested accommodation; (4) the employer knew of the

6    requested accommodation; and (5) the employer failed to reasonably accommodate

7    plaintiff's disability. *Sanders v. Arneson*, 91 F.3d 1351, 1353 (9th Cir. 1996).

8         While Juarez alleges a disability and generally that he was not provided

9    accommodations, his complaint does not address what his requested accommodation

10   was or how his employer failed to reasonably accommodate him. Thus, he has not stated

11   a colorable ADA discrimination claim.  Accordingly, the Court recommends dismissal of

12   the ADA discrimination claim, with leave to amend.

13        **D.    Leave to Amend**

14        Consistent with the above, the Court recommends that Juarez be granted leave

15   to file an amended complaint to cure the deficiencies of the complaint. If Juarez chooses

16   to file an amended complaint, he is advised that an amended complaint supersedes

17   (replaces) the complaint and, thus, the amended complaint must be complete in

18   itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546

19   (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint

20   is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or

21   requests for relief from prior papers that are not carried forward will no longer be before

22   the court. Juarez should clearly title the amended pleading as "First Amended

23   Complaint." For <u>each</u> claim, he must allege true <u>facts</u> sufficient to show that the

24   Defendant discriminated against him. Juarez may not amend the complaint to add

25   unrelated claims against other defendants.

26        The Court notes that, if Juarez chooses to file an amended complaint curing the

27   deficiencies, as outlined in this order, Juarez should file the amended complaint within

28   30 days from the date of entry of the District Court's order addressing this report and

recommendation. If Juarez chooses not to an amended complaint curing the stated deficiencies, the Court recommends dismissal of this action for failure to state a claim.

       **E.**    **Motion to Exempt Claims from Arbitration**

Finally, Juarez has filed a motion to exempt claims of sexual harassment from arbitration, (ECF No. 5). Considering the Court's recommendation of dismissal of Juarez's complaint, with leave to amend, the Court recommends that Juarez's motion to exempt claims from arbitration, (ECF No. 5), be denied as premature.

## IV.   CONCLUSION

For the reasons stated above, the Court recommends that Juarez's IFP application, (ECF No. 4), be granted, his complaint, (ECF No. 1-1), be dismissed with leave to amend, and his motion to exempt claims from arbitration, (ECF No. 5), be denied.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Juarez's *in forma pauperis* application, (ECF No. 4), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1).

**IT IS FURTHER RECOMMENDED** that the complaint, (ECF No. 1-1), be **DISMISSED, with leave to amend**.

**IT IS FURTHER RECOMMENDED** that if Juarez chooses to file an amended

1  complaint curing the deficiencies of his complaint, as outlined in this order, Juarez shall

2  file the amended complaint within 30 days from the date of entry of the District Court's

3  order addressing this report and recommendation.

4  **IT IS FURTHER RECOMMENDED** that if Juarez chooses not to file an amended

5  complaint curing the stated deficiencies, that this action be dismissed.

6  **IT IS FURTHER RECOMMENDED** that Juarez's motion to exempt claims from

7  arbitration, (ECF No. 5), be **DENIED**.

8  **DATED**: October 23, 2024.

10  _____
    **UNITED STATES MAGISTRATE JUDGE**